IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Paul,<br><br>        Plaintiff,<br><br>v.<br><br>Warden Early, Deputy Warden Harouff, Captain Blakely, QMHP Vickery, Associate Warden Wertz, SGT. Haevelin, LT. Salazar, LTS. Aguayo, OFC. San Souci, SGT. Thomas, SGT. Calix, OFC. Mateo, OFC. Williams, OFC. Morfin, SGT. Root, OFC. Loftis, LT. Burzinski, LT. Meyers, OFC. Golan, OFC. Beachiman,<br><br>        Defendants. | Case No.: 4:25-10408-SAL-TER<br><br><br><br>**ORDER** |

Plaintiff Orlando Paul, proceeding pro se, brings this action under 42 U.S.C. § 1983. Before the court are two motions: First, Plaintiff has moved for default judgment, ECF No. 52; second, Defendants have moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 56. United States Magistrate Judge Thomas E. Rogers, III reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued two Reports and Recommendations ("Reports"), recommending Plaintiff's motion be denied and Defendants' motion be granted in part and denied in part. [ECF Nos. 77, 87.] As stated in the first Report, there is no basis for default judgment as all responses due were timely. [ECF No. 77 at 3.] As for the second Report, Plaintiff has failed to fully exhaust the administrative remedies relating to his religious materials claim as required under the Prison Litigation Reform Act. [ECF No. 87 at 4–7.] Further, Plaintiff's claims for money damages against Defendants in their official capacity are barred by the Eleventh Amendment. [ECF No. 87 at 7–10.] That said, the court agrees with the

1

magistrate judge that Plaintiff's claims against Defendants in their individual capacity may proceed. *Id.* at 9–10.

Attached to both Reports was a notice advising the parties of the procedures and requirements for filing objections to the Reports and the serious consequences if they failed to do so. [ECF Nos. 77-1, 87-1.] Neither party has objected, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Reports, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Reports, ECF Nos. 77, 87, and incorporates them by reference. Plaintiff's motion for default judgment, ECF No. 52, is denied. Defendants' motion to dismiss, ECF No. 56, is granted in part and denied in part. Plaintiff's claims based on denial of religious materials are dismissed without prejudice. Plaintiff's claims against Defendants for money damages in their official capacity are dismissed with prejudice. Plaintiff's

remaining claims against Defendants in their individual capacity may proceed. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

March 26, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge