IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Paul,<br><br>     Plaintiff,<br><br>v.<br><br>Warden Early, Deputy Warden Harouff, Captain Blakely, QMHP Vickery, Associate Warden Wertz, SGT. Haevelin, LT. Salazar, LTS. Aguayo, OFC. San Souci, SGT. Thomas, SGT. Calix, OFC. Mateo, OFC. Williams, OFC. Morfin, SGT. Root, OFC. Loftis, LT. Burzinski, LT. Meyers, OFC. Golan, OFC. Beachiman,<br><br>     Defendants. | Case No.: 4:25-10408-SAL-TER<br><br><br><br>**ORDER** |

Orlando Paul, proceeding pro se, brings this action under 42 U.S.C. § 1983. United States Magistrate Judge Thomas E. Rogers, III reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report"), recommending that Defendants Early, Harouff, Wertz, and Haevelin be summarily dismissed with prejudice and without issuance and service of process. [ECF No. 22 at 9.] Paul objects only to the dismissal of Defendants Early, Harouff, and Haevelin. [ECF No. 37.]

## I.     Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

1

review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## II.    Discussion

The magistrate judge recommended dismissal of Paul's claims against Early, Harouff, and Haevelin on the ground that Paul failed to allege a causal connection between any action taken by these Defendants and Paul's alleged injuries. [ECF No. 22 at 7–9.] Paul objects—arguing that, accepting his factual allegations as true, his claims should proceed. [ECF No. 37.] The court agrees and modifies the Report as to Defendants Early, Harouff, and Haevelin.

2

Paul's complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *See Neitzke v. Williams*, 490 U.S. 319, 330 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pleadings are held to a less stringent standard than those drafted by attorneys. *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so. Nevertheless, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Liberal construction also does not excuse a plaintiff's clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990) ("The 'special judicial solicitude' with which a [court] should view such pro se complaints does not transform the court into an advocate.").

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere

3

conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Paul first alleges that Defendant Harouff and Early denied him access to religious materials.[1] [ECF No. 18-2 ¶ 374.] He claims to be a practicing Hindu and that Harouff and Early deprived him of access to a religious text accessible via tablet. *Id.* ¶¶ 375–84. Specifically, he alleges that Harouff authored a memorandum which restricted tablet access for inmates with certain behavioral classifications and that Defendant Early reviewed and approved this memorandum. *Id.* ¶ 384–87. He continues that he complained of this policy for approximately seven months and that Defendants Early and Harouff denied him access to religious materials as a form of punishment. *Id.* ¶¶ 388, 412. Liberally construed, these allegations are sufficient to survive summary dismissal. Thus, the court modifies the Report as to Defendants Harouff and Early.

Paul next claims that Defendant Haevelin was a supervisor of his facility on June 2, 2024, a time when Paul "smeared feces on himself . . . and wrote words like 'help me' in feces on the walls." *See* ECF No. 37 at 6; ECF No. 18-2 ¶ 10. He alleges Haevelin was in the control booth when this occurred, completed an incident report, and failed to provide him with the means to clean himself despite his requests. [ECF No. 37 at 6; ECF No. 18-2 ¶¶ 78–81.] Paul alleges that

---

[1] The court notes that Paul's amended complaint spans ninety-one pages of difficult to read, handwritten allegations. [ECF No. 18-2.] Paul's amended complaint also includes what appear to be paragraphs that are redacted and renumbered since the filing of his initial complaint. *Id.*

Haevelin's refusal to assist him during what he describes as a "mental health crisis" violated his constitutional rights. [ECF No. 18-2 ¶¶ 10, 81.] The court again finds that these allegations, liberally construed, are sufficient to survive summary dismissal. Accordingly, the court modifies the Report as to Defendant Haevelin and permits these claims to proceed.

### III.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error. Additionally, the court reviewed de novo the parts of the Report to which Paul objected. The court hereby **adopts the Report as modified**, ECF No. 22. Paul's claims against Defendant Wertz are **dismissed with prejudice**. Paul's claims against Defendants Early, Harouff, and Haevelin may proceed. The court authorizes the issuance and service of process on Defendants Early, Harouff, and Haevelin. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

May 26, 2026                                          Sherri A. Lydon
Columbia, South Carolina                             United States District Judge